IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES JACKSON MOORE, 25596-079** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | **3:14-CV-1685-D-BK** |
| § | | **(3:90-CR-0008-D-1)** |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

In 1990, Petitioner pled guilty to bank robbery and was sentenced to 150-months' imprisonment and a three-year term of supervised release.  *United States v. Moore*, 3:90-CR-008-D-1 (N.D. Tex. Jul. 27, 1990), *aff'd* (5th Cir. March 15, 1991)[1].  On May 6, 2014, twenty-four years after he was convicted, Petitioner filed this section 2255 motion to vacate sentence. [Doc. 1 at 3].  He asserts ineffective assistance of counsel and "major identity errors in [his] legal proceedings."  [Doc. 1 at 7].

**II. ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas

---

[1] The appeal number is unavailable through Westlaw or the court's docket sheet.

petitions under 28 U.S.C. § 2254). As the section 2255 motion appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 8].

The one-year limitations period is calculated from "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255(f)(1). Sections 2255(f)(2)-(4) are inapplicable here as Petitioner does not appear to base his claims on a government created impediment, any new constitutional right, and the facts supporting the grounds for relief should have been known prior to the date on which his conviction became final.

Because Petitioner's conviction became final in 1991, long before the enactment of the AEDPA, Petitioner had a one-year grace period, beginning on April 25, 1996, within which to seek habeas corpus relief. See *Duncan v. Walker*, 533 U.S. 167, 183, n.1 (2001) (Stevens, J., concurring in part and concurring in judgment) (collecting circuit court cases addressing grace period). Petitioner, however, did not file his section 2255 motion until eighteen years later on May 6, 2014. Therefore, his motion is clearly outside the one-year statute of limitations absent equitable tolling.

Although the Court gave Petitioner an opportunity to present arguments in support of equitable tolling, he offers no facts to support the applicability of equitable tolling in his case. See *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"). He merely asserts that on April 12, 2010, after serving over 20 years in the Texas Department of Criminal Justice, he was turned over to the Federal Bureau of Prisons to begin serving his federal sentence. [Doc. 8 at 1]. Insofar as he seeks equitable tolling based on the long time served in state custody [Doc. 8 at 3],

his claim is unavailing. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). In addition, neither unfamiliarity with the law nor *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty,* 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** July 10, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE